UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KAREN KAE HOLCOMB,

    Plaintiff,

v.                                      Case No.  5:12-cv-156-Oc-10TBS

LAKE COUNTY SCHOOL BOARD, DR.
SUSAN MOXLEY, and ALBERT LARRY,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. 2).  The law requires that the Court consider both Plaintiff's ability to pay as well as the merits of her claim.  See 28 U.S.C. § 1915(a) (requiring a federal court to examine plaintiff's affidavit of indigency); see also 28 U.S.C. § 1915(e)(2) (requiring a federal court to consider the merits of plaintiff's claim).  Regarding the merits of the cause of action, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a)(2).  If the complaint fails to state a claim upon which relief may be granted, the Court shall dismiss the case.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has initiated a federal action against Defendants, her former employers, for their alleged failure to reasonably accommodate her physical disability.  (Doc. 1). Based on a review of the complaint,[1] the undersigned speculates that Plaintiff is attempting to base her claim on the provisions of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12111-17, however, this cause of action is not properly

---

[1] Plaintiff has titled her complaint a "Writ of Mandamus."  (Doc. 1).

pled.  Under federal law, to assert such a cause of action, Plaintiff must clearly establish that "(1) [s]he was disabled, (2) [s]he was otherwise qualified [meaning [s]he could perform the essential functions of the job in question with or without reasonable accommodations], and (3) a reasonable accommodation was not provided."  Nadler v. Harvey, No. 06-12692, 2007 U.S. App. LEXIS 20272, at *14 (11th Cir. Aug. 24, 2007) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001)).  Plaintiff has made no such showing in this case.

    Upon due consideration, the Court hereby GRANTS Plaintiff leave to amend her complaint to cure the deficiency outlined above.  Presuming that Plaintiff asserts a claim under the ADA, the Court will expect the amended complaint to clearly state whether all jurisdictional, statutory, and/or administrative prerequisites have been met, including whether the EEOC has issued Plaintiff a right-to-sue letter.  See Burnett v. City of Jacksonville, 376 F. App'x 905, 906-07 (11th Cir. 2010) ("Before instituting a Title VII [of the Civil Rights Act of 1964][2] action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party and receive statutory notice from the EEOC of her right to sue the respondent named in the charge . . . a plaintiff must generally allege in [her] complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'"); see also Quinley v. State Farm Ins. Corp., No. 95-0271-RV-C, 1996 U.S. Dist. LEXIS 9500 at *8 (S.D. Ala. June 26, 1996), aff'd, 113 F.3d 1251 (11th Cir. 1997) ("[U]nless a

---

[2]"It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exists under Title VII of the Civil Rights Act of 1964."  Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (quoting Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999)).

plaintiff has filed a charge with the EEOC and received a right to sue letter, the district court lacks subject matter jurisdiction to hear that plaintiff's ADA claim."); NAACP v. Town of E. Haven, 259 F.3d 113, 115 n.4 (2d Cir. 2001) ("A right-to-sue letter is a prerequisite to bringing a Title VII suit.").

Lastly, the amended complaint should also include some basis for the liability of the individual Defendants.  See Prichard v. Southern Co. Servs., 102 F.3d 1118, 1119 n.1 (11th Cir. 1996) (An employee's remedy for any discrimination she might have suffered on account of her alleged disability lay against her employer and not against individual officers of employer company).

Accordingly, it is hereby ORDERED that:

1.  Plaintiff shall have through April 11, 2012 to file an amended complaint. Plaintiff is cautioned that if the defects in her complaint are not corrected, the Court will issue a Report and Recommendation to the district judge that her case be dismissed.

2.  The Court will reserve ruling on Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) until the amended complaint is filed.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 28, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel
    Pro se Plaintiff at her last known address